(116 So. 488)

No. 29042.

## TOWN OF JONESBORO v. GENTREY.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬥111(2)—Ordinance unanimously adopted was not unconstitutional because council's minutes did not show written notices were served on council as required by act (Act No. 136 of 1898, § 22).

Where minutes of town council show that mayor and councilmen were present at meeting called specially to enact ordinance regulating operation of pool and billiard halls, ordinance unanimously adopted by yea and nay vote was not unconstitutional and illegal because it was passed at special meeting of town council, minutes of which did not show that written notices were issued and served on council members as required by Act No. 136 of 1898, § 22.

Appeal from Mayor's Court, Town of Jonesboro; W. A. Hart, Mayor.

Iley D. Gentrey was convicted of operating a pool and billiard hall in violation of an ordinance of the town of Jonesboro, and he appeals. Affirmed.

Foster R. Taylor, of Arcadia, for appellant.

William J. Hammon, of Jonesboro, for appellee.

ROGERS, J. The defendant was charged with operating a pool and billiard hall within the corporate limits of the town of Jonesboro, in violation of its Ordinance No. 76. He was tried in the mayor's court, found guilty, and sentenced to pay a fine of $100, and, in default of payment of the fine, to serve 30 days in the town jail.

There is no bill of exception in the record. In the court below, defendant attacked the constitutionality and legality of the ordinance on which he was prosecuted, and that is the sole question we are empowered to examine and determine on this appeal.

Appellant contends that the ordinance is unconstitutional and illegal, because it was passed at a special meeting of the town council, and the minutes do not show that written notices were issued and served on the members as required by section 22 of Act 136 of 1898; it was not promulgated in accordance with law; it is broader in body than in title, in violation of section 33 of Act 136 of 1898.

The transcript contains a certified copy of the minutes of the town council and a copy of the official journal of the town, showing the publication of the ordinance.

The minutes show that the mayor and all members of the town council were present at the meeting, which was called for the special purpose of acting on the ordinance. The or-

dinance was unanimously adopted by a "yea" and "nay" vote. It is immaterial whether the summonses to appear were noted on the minutes. The object of notice is to advise the members of a town council of the subject-matter of the business to be acted upon at a special meeting and to insure their attendance thereat. In the instant case that object was attained when all the members appeared and participated in the meeting without protest.

The court below overruled defendant's objection that the ordinance was not published in accordance with law. On the face of the record there is nothing to show the contrary.

Appellant has not indicated wherein the body of the ordinance is broader than its title. For our own part we do not find this to be the case.

For the reasons assigned, the conviction and sentence appealed from are affirmed.